Our next case is No. 24, 1842 Global K9 Protection Group v. United States. Okay, Mr. Hurley. Thank you, Your Honor, and may it please the Court. Could I clear up a couple of things which I'm confused about? First of all, there's a reference to this termination for default, and I think in the blue brief you suggest that that was being challenged, suggesting perhaps that there wasn't a final determination to terminate for default. Where does that stand? Is there an appeal with respect to that going on? There is. With respect to the termination for default, K2 is challenging the government's termination in a separate proceeding, not in the underlying proceeding. Where? In the Court of Federal Claims? In the Court of Federal Claims. And what's the status on that case? K2 had filed its complaint. The government filed a motion to dismiss. There was a hearing two or three weeks ago on the motion to dismiss, and that is still pending. Okay, and why don't you go ahead? And I'm happy to answer any other questions, but let me dive in and just say at the outset that I'm happy and proud to be here on behalf of K2 Solutions, Inc., which is a service-disabled veteran-owned small business that has worked with the government for more than two decades, and until the present dispute, had worked with the government without issue for that period of time. Was K2 enjoined for participating in the contract in this proceeding, or did the injunction run only against the government? K2 was ultimately enjoined through, I'm sorry, do you mean in connection with Global K-9's complaint? In connection with the challenge to the award of the contract in the first place. There was an injunction against the government borrowing from the award. It's not clear to me whether there was an injunction in that proceeding also against your client. I don't believe so, Your Honor. You think there was not an injunction? I don't believe so. Okay. K2 was ultimately awarded the contract, or certain clusters under the contract, which led to the present complaint that was filed by Global K-9. Okay. And certainly, as we've heard about, there... So the government awarded a contract. You got some of it. There was a protest against that. The government defended that award for a while. They lost. They were enjoined from proceeding, and then they canceled that contract pursuant to the court's order. Is that the procedural? The procedural posture in the current stance that we were dealing with, which is Global K-9's challenge. Right. We're on appeal from a bid protest that Global won the law. Correct. K2 was awarded certain clusters under the contract. Are you challenging that decision in joining the government from proceeding with this contract? No, Your Honor. Why are we here? Because the reason we are here... You're not challenging that? K2, in this forum on appeal, and if successful on remand, is not here to disrupt the contract. It is not Global K-9, American K-9. They were... Just to be clear, you're not here to disrupt the injunction, or... Okay. K2 is not interested in regaining the contract. K2 is not interested in future performance on the contract. The reason K... If it goes back, what do you want us to tell the Court of Federal Claims to do? What K2 is interested in, and this sort of goes back to the procedural history of how K2 was involved in the underlying case, what K2 sought to do was to move to intervene, to challenge... Yes, but if that was... If that happens, what are you going to ask the Court of Federal Claims to do? We are going to ask the Court of Federal Claims to go back and take a look at the factual finding... To retry the misrepresentation issue? Solely on the misrepresentation issue. Move to... If they agree with you, then what are you going to ask the Court of Federal Claims to do in its judgment? Only that, to dissolve or withdraw the order with respect to that factual finding. K2 is not seeking... I don't... This is not a back door. You want them to rewrite their opinion to basically come up with the injunction, but on a different opinion? You want us to tell the Court of Federal Claims that they need to rewrite their opinion, but they don't need to change the result? We're not even asking you to tell the Court of Federal Claims... Yeah, but that's the effect, right? That's what you're going to ask them. It's like, we're not challenging the injunction, but we think you should rewrite your opinion. We think K2 should have a full and fair opportunity to challenge that material misstatement finding. I don't think that's going to happen. Are you arguing also that the Court of Federal Claims should vacate the opinion finding that you engaged in a misrepresentation? We do, Your Honor. Whether it's vacate or by motion for reconsideration or dissolution, our only concern... Did you ask to have it vacated as part of your motion for leave to intervene? K2 did not, Your Honor, and the reason being is the first step in that process was we needed to become a party to the case before we challenged... What is the injury to you? You say there's a reputational injury. You say it might prevent you from getting further government contracts. Is there a provision saying you can't award a government contract to somebody who's found guilty of misrepresentation? There's no provision preventing a future contract under those circumstances, but it is something that K2 will have to disclose. It is, you know, and for lack of a better term, a black mark on its record that it will have to live with, and it's a black mark that given the history of this case with the termination for default coming on the heels of the Court's decision... I don't really understand what the point of this appeal is. We review judgments, and we either affirm a judgment, vacate a judgment, or reverse a judgment, and the judgment here is in joining the government for proceeding with a contract with K2, and you said you're not challenging that judgment. You want the basis for that judgment change. The order that we have appealed from is the denial of our motion to intervene. Yes, but it has to be connected to the case, and somehow you had to be intervening for a purpose, and the purpose would ostensibly have been to support the government's award to your client. Right? The purpose for which we were intervening was to challenge the material misstatement finding. That's a factual finding. You don't get to intervene just to do that. You would intervene to say that's incorrect, and therefore the award should be sustained, right? Well, I think that's what we would have argued, but for the termination for default that came following, in part because... We didn't do any of this in time. If the day after they'd filed the bid protest, which made clear they were going to challenge the award to you, you had intervened, the Court of Federal Claims surely would have let you intervene, and when they said this was based on misrepresentations, enjoin, you could have said, no, it's not. Don't enjoin. Right? There's nothing that prevented you from doing that. There is nothing that prevented K2 at the outset from intervening. Other... As I understand your argument, you're saying we didn't intervene in the first place because we saw the initial complaint, which talks about the government not following proper procedures, and we relied on the government under those circumstances to represent our interest, and you say that was reasonable. That is correct, Your Honor. Let's assume that that's true. There was then the filing of an amended complaint. You admit that you were reviewing the docket, and it would seem important under those circumstances for you to get a redacted copy of the complaint, but you didn't ask for that. I understand they were supposed to give it to you anyway, but you didn't pursue getting a copy of the amended complaint. That's right, Your Honor. As you referenced, the protective order in the case required the parties to the of filing. Why didn't your client say we didn't get a redacted copy? We want one. I don't know the answer to that. My client was monitoring the docket, but based on the initial complaint that was filed in the case, it didn't have any reason to believe that the subsequent amended complaint was going to do a 180 and lodge these accusations against K2. What is your best case for the idea that when you look at timeliness, you have to consider, you know, there's kind of a balancing factor, right? I mean, on the one hand, it seems awfully late. We wait 11 months. On the other hand, the original complaint didn't say anything about misrepresentation, but on the other hand, nobody on your client's side bothered to look at the amended complaint. What is the standard of view, and how do we assess that balancing? So the standard for the timeliness element would be abuse of discretion. We freely admit that. As to the other elements of intervention under Rule 24, I believe it would be likely de novo, but for timeliness, the standard would be abuse of discretion. I think the best argument that K2 has is that had it received the redacted amended complaint in July of 2023, it certainly would have been on notice at that point of the specific rights that it's challenging. There's nothing that prevented you from asking for that complaint. You admit that your client was aware of the filing because it was monitoring the docket, and it could have asked the Court of Federal Claims to order the parties to send you the redacted complaint. It could have, but there was also nothing preventing the parties, the actual parties to the case, from complying with the protective order, which would have put my client on notice of the amended allegations against it. So if... So what? I mean, it's your client's obligation to figure out if it needs to intervene or not. Sure, they may have violated the Court's rules, but the person that wants to have that violation corrected is responsible for asking the Court to correct it. And my client acted in reliance on what the original complaint, the allegations in the original complaint was, and it relied on the fact that the government was going to defend its contract award to my client. And the government did. And they lost. They did up until the point when you deal with the intentional misstatement allegations against K2. That's something that the government could not defend. Only K2 should have, was able to defend that because K2 is the one who had the knowledge and the evidence and the facts from K2's side of the story. What was the basis for the T4D? Is it the same thing? In part, because of the Court's December 2023 order. In part, because of alleged deficiencies in K2's performance under the contract. So if you don't think you made misrepresentations, and that's partly the basis for the T4D, you can defend it against that there, right? Correct. So, Your Honor, I know I'm going to run out of my time in a minute, but- Yes. I'm still really confused how, even if we agree with you that you should have been allowed to intervene, what do you see happening below other than just, because you say you're not going to attempt to overturn the injunction, than just having the Court of Federal Claims write a different opinion? And if that's the case, I've never heard of that. And to be clear, we looked. We have not found any case either for or against in this posture. That's because we review judgments, not opinions, and we're only going to send it back if the judgment is infirm or you want it vacated or reversed, and you said you don't. Right. And from the outset, you know, in front of the Court of Federal Claims, and we've been consistent that what we are seeking is not to overturn the contract. Is this case moot because of the termination? We've said that if there's a termination, that the challenge to the award of the contract in the first place is moot, but I mean, is this case moot because the termination still is in litigation? Uh, not with respect to our alleged reputational damage and the flows from the material misstatements. The case would be moot as to the injunction, and that's why we're not challenging the injunction. The termination for default, we don't dispute the termination for default rendered any challenge to the injunction moot, but that's, we're not challenging. You're challenging the termination for default. Not in this case. You're not challenging the procurement decision anymore. That's what's at issue. That is correct. Again, if you're not challenging the procurement decision, which is what's on appeal, what are you challenging? We're challenging solely the court's factual finding in its December 27, 2023 order that K2 made material misstatements because K2 did not have an opportunity to defend itself on those claims. So with that, Your Honor. Give you two minutes to rebuttal. Thank you, Your Honor. Mr. Gillingham. May it please the Court, in light of the colloquy that's just taken place, there's not much more I'd like to say. Whom are you representing? Pardon me? Whom are you representing? I'm representing the United States. Yeah, okay. Go ahead. Sorry. And so, basically, K2 is trying to get itself back into a game that it could have joined a long time ago, but that game is over. But is the case moot? It is moot. Even though the termination hasn't been finally resolved? It's moot for two reasons. First of all, the party that sued, Global K-9, represented by Mr. English sitting to my left, has gotten everything he wanted to get. There's no live controversy before the Court. Second of all, the contract is terminated for default. We can't wait for a year or two years when the case finally gets on appeal to decide whether the contracting officer was wrong in defaulting. The contractor was right to default for the reasons the contractor had in front of him, the contracting officer had in front of him. And that was a long list of failures to perform, all of which were disclosed to the Court in multiple status reports. If the case is moot, why shouldn't the judgment be vacated? Well, first of all, any relief that K2 may have would be under the Termination of Convenience Clause. So if the Court finds, it's not entitled, what we're talking about is mootness. You're not answering my question. If the award case is moot, and if they were permitted to intervene, wouldn't the remedy be to vacate the judgment? No? You're talking about, well, first of all, this Court has no jurisdiction because the case is moot. We start there because the best the Court can do is... The Court should have jurisdiction to determine whether a judgment should be vacated. Well, certainly you can review the judgment. Are you familiar with Munsonware? Pardon me? Are you familiar with the Munsonware case? I certainly read it before. I'm also familiar with Michco, which is the case we cited. And in Michco, what happened was there was a challenge to the injunction. And this Court said that the injunction is now moot because of the termination of the contract. Yeah, but it didn't deal with the question of vacating the judgment under Munsonware. I mean, if they were permitted to intervene, wouldn't they have a pretty good argument that if the case is moot, that the judgment should be vacated? No? You mean, after this appeal, if they had an opportunity to? No, not right now. I mean, if they were permitted to intervene, wouldn't they have a pretty good argument that the judgment should be vacated? This Court holds...  Right. One question with that would be whether Munsonware applies to a party that's an intervener as opposed to the parties in the case. I can't answer that question for you right now, Your Honor. I just haven't reviewed that case. I don't know either. I couldn't either. What I can say is, yes, if the Court were to hold, and there's no reason for it to hold, but if it were to hold that somehow K2 was timely and should have been permitted to intervene and winds up back in court, that unwinds everything that's happened. The case is moot. There's no reason to relitigate the case. There's no basis for relitigating the case. But there is a question as to whether the judgment should be vacated. The judgment was a judgment against the United States in favor of Global Canine based on the record. There is no basis to vacate that judgment. It was sound. It was based on all the evidence before it. The United States has not appealed. Certainly Global Canine has not appealed. There's nothing to vacate. So I'm not... I don't think I'm understanding your question, Your Honor, because I don't see a world... Did the government moot the injunction when it canceled the contract? Or did it just comply with the injunction? It did two things. That document is at page 910, and the first couple of pages talk about this litany of performance failures that had been previously disclosed to the Court and which the contracting officer finally relied on to terminate for default. At the end of that decision, the contracting officer says something to the effect of, further, the Court has ordered us... I don't need the details of this. I'm just trying to figure out how this vacation of a judgment concept would work in bid protest, where if the government loses, it gets enjoined from proceeding with that award. So it has to cancel the award and award a new contract. Here, instead of canceling it, terminated for default, which is just another way of getting out of that award. If the government complying with an injunction moots the bid protest, then the bid protest would be mooted in every single bid protest the government lost and then complied with the injunction, wouldn't it? Right. But the contract was terminated before the Court's decision. I mean, the Court complained that we had not informed it that in January, the termination of a decision, the termination... Wait. So this is a wrinkle that I wasn't aware of. So you T for deed them... In January. ...before the Court enjoined. No, I'm sorry. It was before the mootness hearing. It was before the mootness hearing. Right. Yeah, yeah. Well, after the injunction. Yes, yes, yes. Okay. If you had T for deed them before the injunction, then we'd have a different case, wouldn't we? If you proceeded and issued an opinion, then it probably should have been vacated. That's right. Right. If you want to... At the time the injunction was issued and at the time the decision supporting the injunction was issued, this case was not moot. Right. Yeah. Now, however, even if this were to be returned to the Court of Federal Claims, the Court cannot really do anything because of the termination. Moreover, it's also moot because... You're not saying the case is mooted by the government's compliance with the injunction. You're saying...  ...under our authority that it's mooted by the termination. In part. Principally, it was terminated for... Well, it was certainly terminated because the court ordered it to. It wouldn't have a whole lot of room for maneuver there. But on well-established facts disclosed to the court beforehand, it terminated for default. It was simply frustrated with K2's performance. It was moot for a second reason. The case before the court is over. The appealing party, Global K9, appealed for an injunction and it got it. And that ended the live controversy between the parties. There was nothing else left for the parties to do. You don't usually think of this party succeeding as mooting the case. It's some extraneous event like the termination, which under our case authority is moot. Right. And perhaps if Global K9 had lost an appeal or if the United States had appealed, maybe not. But that's not what happened. There's nothing left for the court to do. Ultimately, it's an empty exercise. In the termination proceeding, is the misrepresentation issue being litigated? I'm sorry, is the misrepresentation... In the termination proceeding, is the misrepresentation issue being litigated? I'm not defending that. I'm not sure. I can tell you that my understanding is the basis for that is the contracting officer terminated in bad faith. One defense certainly would be, well, how could it be bad faith if we have a judge telling us to terminate? And generally, a contracting officer decides on the basis of the facts before him or her, not something that happens much later. I don't understand that argument at all either. If the government loses a bid protest, it usually just terminates for convenience. Right. So you could have a basis for a T4D beyond losing the bid protest. In a case where... What is it? What did the contracting officer terminate for default? The contracting officer recites his reasons on page 910 of the record in the termination for default judgment, again, based on a litany of poor performance. Certainly, they had the choice. And Judge Holt recites the fact that there was a negotiation that's on the record of the Court of Federal Claims where the contracting officer said, you know, we can make this easy on everybody and simply terminate for convenience. But K2 decided not to do that. I guess the contracting officer felt it was the correct thing to do based on the performance to terminate for default. That was a judgment made by the contracting officer. And so he terminated for default. But when he terminated for default, did he say that was because of the misrepresentation and securing the contract in the first place? No, I don't think so. Simply this, I said, this litany of receding circumstances of non-performance. And performance. That threatened the contract. Performance deficiencies. Performance basis, yes. That threatened the contract performance. Yeah. Another reason I'll just mention briefly is that the admission by K2 that has no interest in the contract itself, basically based on K2A and other cases we've cited in our brief, basically means that there's nothing really for the court to adjudicate. In order for it to intervene under Rules 24A, 24B, Rule 19, it has to have an interest common to the action, the subject matter of the action. Subject matter of the action was the government's failure to award essentially to K2. Its interest is entirely separate and apart from that. That admission takes it outside of Rules 24 and 19. And then finally, following the rules of the Court of Federal Claims, Mr. English notified K2 of this. And if this is an opportunity to under Rule 19 say, well, we didn't come in, but we'd like to come in now, then the Court of Federal Claims rules might as well be scrapped. And the other thing as far as timeliness, we've heard discussion of whether K2 was really on notice of what Global K9 was complaining about. So I invite the Court's attention to page 504 of the joint record. That's the complaint. That's the complaint that was made public, that K2 acknowledged it read, and it basically identified K2 as one of the awardees. You and K9 violated the rules by not serving a redacted copy of the complaint on K2, right? No. The rules require in three places at Appendix C of the Court's rules to notify, to certify notification has been given, and then during the initial conference to determine whether the awardee should be admitted. Mr. English did everything he was required by the Court's rules to do. Wait a moment. You're not required to serve a redacted copy, to disclose a redacted copy? Not of the complaint, because the complaint was under seal. He's required to provide a notice that he's going to... Isn't that totally inappropriate to proceed with a case with the thing under seal and not serving a redacted copy? We just decided in the case in Ray United States talking about Court of International Trade and the importance of having a public record. How can the complaint be sealed without a redacted copy? We were serving the complaint for sure, and had... But the public can't see it. Right. Had K2 intervened, it could have seen it. And what it did see... You can't seal a complaint and not provide a redacted copy for the public to see. Are you saying that's consistent with the Court of Federal Claims rules? No, because the rules require a redacted copy be filed. And on... Yeah, that was violated, right? No, on February 24th, that was... it's in the record. On the February 24th, Mr. English filed a public complaint, and it specifically, and the public could have read this, uh, specifically named K2 as an entity that had been awarded a contract. Is that the original complaint or the amended complaint? That's the original complaint. We're not talking about that. I'm sorry, then I misunderstood. We're talking about the amended complaint. Was there ever a redacted amended complaint put on the public docket? Nothing in the docket now, I think, shows the amended public complaint. So that's a violation of the protective order and the rules, right? Mr. English can address this better than I am. Well, is the answer yes? You can't conduct a proceeding with a sealed complaint without a redacted copy. It's a violation of the protective order and the rules not to file a redacted copy, right? I'll let him address that, and yes, it should be filed. However, the question here really is one of timeliness, and because they were notified, as Judge Holt found, and could have read this and found that not only was K2 asking, was K2 named in the complaint? All right, okay. I think we're out of time. Thank you, Mr. English. You were required to file a redacted copy of the complaint, right? Right, and of the amended complaint. That's right. Yes, sir. And why didn't that happen? I don't know exactly why it didn't. You'll see at the end of the docket in March, I think March 13th of 2024, Judge Holt realized there hadn't been redactions filed by anybody in a long time, and at that point in time, we put redacted copies on the docket. But it is true that in the course of the litigation, there were not regularly redacted copies filed on the docket after the litigation had been going on. At that point, it had been four years into this saga, the second time we've been here. But it is at that point you're asking about is true. It's totally inappropriate to conduct a litigation in secret like that. Well, the docket showed what had been filed, but you're right. There, it is absolutely true that the redacted copies of the motions for judgment on the administrative record and things like that were not timely filed on the docket. That is 100% the case. To set the stage a little bit more, to answer some of your Honor's questions, in December of 2023 was when the claims court finally decided the misrepresentation case or claim and entered the injunctions. That was December of 2023. In January of 2024, at pages 9, 10, and 9, 11 of the record, you see the back and forth between the government and K2 about the performance issues. The performance issues were reported to the Court of Federal Claims starting in August. That proceeding was actually stayed several times because we thought there might be a termination for default, which would have mooted that case. So there were several status reports saying that there are problems with K2. We're going to pause this case to see what the government decides. And the government continued to let them perform in part. But in January of 2024, there's a decision to terminate for convenience based on the performance default. And then they identified Judge Holt's decision as a separate alternative reason for justifying default. That is in January of 2024. It's about a week after K2 filed its motion to intervene. And so that is sort of the timeline of events that we see here. And so to speak to a couple of the other points that came up, the one thing we did do right from a redaction standpoint was the original complaint. And it's at 504 of the appendix. And we did identify K2 as an awardee. We did serve a pre-filing notice on K2. And we say at pages 507 and 508, we challenged every aspect of the procurement. Because we knew there were other things coming. We couldn't save them because of protective orders in another case. Every aspect of the procurement, including the evaluation of our proposal, the evaluation of the awardees. But there was no notice in the original complaint that it was a misrepresentation issue, right? No, Your Honor. They weren't. But they knew that their contract was at issue. They knew that their contract was at risk. Why couldn't they rely on the government to represent them if the challenge had to do with government conduct rather than their own? Well, I think they did rely on the government to represent them. Well, sure. Why not? And the government did represent them. We had a heated, prolonged debate about the performance issues and the termination for default potentially coming down. And the government took the position that the judgment of the contracting officer to award the contract wasn't affected by any of these misrepresentations. So there was a substantial defense put up by the government in response to our claims. As Judge Hughes said earlier, they lost. And that's the time at which K2 came in. K2 had set out this entire process, which, you know, started in late 2020. This is the second time we've been here in one of these cases. And they consistently set out and got more awards. And so this time they decided not to defend their rights, to let the government do it again, and it didn't work out for them. But the main issue, I'd like to spend my last... They were not aware of the misrepresentation claim, right? They say they weren't. And I don't have any reason to believe they were. We didn't tell them. I had assumed the government was telling them, but they say that's not the case. And I don't have any basis to dispute that. How could the government tell them if it was all in stuff filed under seal? I mean, the government's not going to violate the protective order. I don't think it would have been a violation of the protective order for the government to say they're making misrepresentation claims, you should intervene. The protective order says what's protected is sensitive information. And I think the fact of the claim itself would not have been protected such that the government couldn't have disclosed it. In fact, when we were litigating the case, I thought that K2 was intentionally sitting out just to try and support the defense that the judgment couldn't be entered in their absence because that was another argument that the government made on K2's behalf in the middle of the proceedings. And so that's the way the case played out. I'm about to run out of time. So if your honors don't have any further questions for me, I'll sit down. Okay, thank you. Mr. Hurley. Thank you, your honor. Very briefly, all of this, as you just heard, happened without K2's knowledge. K2 was on notice of the original complaint, the redacted original complaint that was filed in July 2023 when the amended complaint, which is what gives rise to the misstatement allegations, when that was filed, no redaction was, no redacted copy was filed with the court until I believe March 2024, which was weeks after. That's clearly a violation of the rules. They should have filed a redacted complaint. But is that necessarily lead to any relief on your part? Because you certainly had the opportunity to seek correction of that and you didn't do that at all. Even if you did, it was certainly not timely. Well, I think, your honor, I think it does play into the timeliness because if we had received... When did you learn about the redacted amended complaint being filed? In December of 2023, when we received a copy of the order from the court of federal... Were you not under an obligation to follow the docket? I believe that they did file the docket, but there was nothing in the docket. The docket had the notice that a redacted complaint was, not a redacted, an amended complaint was filed. A sealed amended complaint. Right. So you were on notice about the time the sealed amended complaint was filed that an amended complaint had been filed. And you knew that the rules of requiring a redacted complaint were violated because it wasn't put on the docket in a timely manner, right? I mean, we have to put that... You have the obligation to follow that, right? So you knew there was a violation. You didn't timely move to correct that violation. Correct. K2 was aware of the amended complaint from the docket, not the substance of the amended complaint. No doubt. You didn't know about any of these misrepresentation allegations, but you were aware that an amended complaint had been filed. I mean, aren't you required to have some kind of due diligence to ensure compliance with the court's rules so that you can gain access to that? You can't wait for like three or four more years or whatever the time was, have an opinion come out and say, oh, you violated the rules. If we'd known about the contents of this well before the litigation, we would have intervened. I think that in terms of the timeliness and the due diligence in monitoring the docket, K2 was relying, based on the original complaint, on the government defending the award. Is that a good faith basis if you don't know what's in the amended complaint? I believe it is, Your Honor, because throughout this, and you just heard for months, there were discussions of K2's conduct and K2's allegations against K2. And without bringing the specifics of the allegations... It seems to me that you brought all of this on yourselves. I mean, they made some mistakes. But if you wanted to defend the award to K2 and make sure that the decision didn't unfairly cause harm to your client, you should have intervened when the case was filed and at least tried to gain access to the sealed amended complaint so you knew what was being challenged. And if K2... Now you want us to unwind everything because you waited too long. Either that or you want us to order the Court of Federal Claims to write a new opinion. Whether it's reconsidering it or vacating that portion of it, that is the relief that we were requesting, Your Honor. Okay. Thank you. Thank all counsel.